The Honorable Steven B. Jones State Representative P.O. Box 3040 West Memphis, AR 72303-3040
Dear Representative Jones:
I am writing in response to your request for an opinion on the following question:
 If someone faxes a legal document to the clerk's office and they have ten days to send in the original, does the clerk have to keep the faxed copy on file after receiving the original?
You state that this question is asked with respect to documents filed at the County Clerk's office.
RESPONSE
Although you have not identified the particular legal document at issue, I am assuming for the reasons set forth below that this question is asked with regard to a "statement of financial interest" that must be filed with the county clerk by certain individuals pursuant to A.C.A. §21-8-701 (Supp. 2003). My research has yielded no specific statute or other authority governing the retention or disposition of a faxed copy of such a document. In the absence of clear authority for destroying the faxed copy, however, it is my opinion that it must be maintained in some form so as to evidence timely filing of the statement of financial interest. It may be advisable to seek the guidance of the Arkansas Ethics Commission in addressing specific procedures in this regard.
Regarding the particular "legal document" at issue in your question, according to my research only one filing requirement fits the procedure you have outlined. A "statement of financial interest" that must be filed with the county clerk by certain individuals pursuant to A.C.A. §21-8-701 is subject to the following procedure:
 [A statement of financial interest] shall be deemed timely filed if it is:
 Received via facsimile by the appropriate public official on or before the date due, provided the original is received by the appropriate public official within ten (10) days of the transmission[.]
A.C.A. § 21-8-703 (b) (3) (Supp. 2003).[1]
My research has disclosed no other provision pertaining to documents filed with the county clerk that would authorize a facsimile transmission, to be followed by the original document within ten days.[2]
I am thus assuming that A.C.A. § 21-8-703 is the applicable legal basis for the action contemplated by your question. Corresponding modification of this opinion may be necessary if you are inquiring as to another filing requirement or provision of which I am unaware.
With regard to your specific question whether the faxed copy of such a financial interest statement must be kept on file, I have found no controlling authority on this issue. I have considered in this regard the possible applicability of A.C.A. § 13-4-301 et seq., which governs the county's maintenance of various categories of records. According to §13-4-306(2)(C)(5) (Repl. 1999), the county must maintain "financial disclosure" records for five years. A statement of financial interest filed with the county clerk under A.C.A. § 21-8-701 is covered by this five-year requirement. Accord Op. Att'y Gen. 94-085.[3] In my opinion, however, this provision does not encompass the copy that is received by the county clerk via facsimile pursuant to A.C.A. § 21-8-703(b)(3),supra. A review of A.C.A. § 13-4-301 et seq. indicates that the legislature only had original filings in mind when it established these retention and disposition requirements. The provision for destroying the financial disclosure (see n. 1, supra) only applies to the original
record, as would be expected given the fact that § 13-4-301 et seq.
predates the authorization of fax transmissions under A.C.A. § 21-8-703. This suggests that the legislature simply did not have facsimile transmissions in mind when it enacted A.C.A. § 13-4-301 et seq.
This is not to suggest that the faxed copy can be disposed of because it is not covered by the five-year maintenance requirement in A.C.A. §13-4-306. This office has previously opined, and I agree, that in the absence of clear legislative authority for the disposal of both originals and copies of documents, some form of the document must be maintained. Op. Att'y Gen. 92-100. Maintaining the faxed copy in some form would also seem necessary in light of, or at the very least in keeping with, the filing requirements under A.C.A. § 21-8-703. A faxed financial interest statement can meet the filing requirements if the clerk receives the fax by the statement's due date, and if the original statement is received within ten days of the fax transmission. Id. Clearly, the fax transmission is critical to a timely filing in the case of a faxed statement.
I cannot opine further regarding an affirmative duty on the part of the county clerk to keep the faxed copy, in the absence of a controlling statute. It may be advisable to seek guidance from the Arkansas Ethics Commission when considering possible procedures for preserving some form of the faxed copy, given that body's authority under Title 21, Chapter 8, pertaining to financial disclosures. See A.C.A. § 7-6-217(g)(2) (Supp. 2003) (authorizing the Commission to issue advisory opinions and guidelines on the requirements of, inter alia, A.C.A. § 21-8-701 et seq.) It may also be of help to note that the Commission, like the county clerk, receives fax transmissions of financial reports. See A.C.A §7-9-406 (Supp. 2003). The Commission may therefore be in a position to address some of the practical considerations raised by your question.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Those "[c]ounty, township, or school district public servants and candidates for county, township, or school district public office" who are required to file statements of financial interest, as well as "[m]embers of regional boards or commissions," must file with the county clerk. A.C.A. § 21-8-703(a)(2) and (5) (Supp. 2003). See § 21-8-701
regarding filing requirements.
[2] A statute that formerly provided for facsimile copies of pleadings (see A.C.A. § 16-20-109 (Repl. 1999)) was repealed in 2003 (Acts2003, No. 1185, § 176). The statute did not, however, require the filing of an original document. Rule 5 of the Arkansas Rules of Civil Procedure, which provides under subsection (c)(2) for facsimile transmissions of any paper filed under that Rule, at one time required substitution of a fax filing by an original document (see Op. Att'y Gen. 98-147). However, that requirement has been deleted from the rule. See Addition to Reporter's Notes, 1999, Amendment (Rule 5) (2003 Ed.). Administrative Order Number 2 of the Arkansas Supreme Court provides for facsimile transmission of judgments, decrees, and orders, if the court so directs, and requires that the original must be substituted for the fax copy within fourteendays. None of these provisions is consistent with the filing procedure upon which your question is premised.
[3] The original financial interest statement may be destroyed if it has been "photographically transferred to other media of a permanent nature[.]" A.C.A. § 13-4-301(b) (Repl. 1999).